COMMONWEALTH *vs.* LEON NOLET. May 23, 1978. 1. It is manifestly clear from a review of the entire record that there was ample evidence which warranted the jury's guilty verdict on each indictment. Compare *Commonwealth* v. *Derby*, 263 Mass. 39, 43-45 (1928); *Commonwealth* v. *Corcoran*, 332 Mass. 615, 616-617 (1955). Consequently, there was no error in the denial of the defendant's motion for directed verdicts. See *Commonwealth* v. *Hollis*, 170 Mass. 433, 436 (1898). See generally *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975), and cases cited. 2. The judge did not err in allowing the victim to testify on redirect examination as to what she had answered when the doctor who examined her after the incident asked "whether or not this man [i.e. the defendant] had had sexual intercourse with you?" Her answer ("He didn't get that far") was admissible. See *Glover* v. *Callahan*, 299 Mass. 55, 57-58 (1937). As she had been asked on cross-examination

whether she had told "the doctor that you were sexually molested," the question and answer were within the limits of proper redirect examination. See *Commonwealth* v. *Spikes*, 360 Mass. 441, 442-443 (1971). Cf. *Commonwealth* v. *Juliano*, 358 Mass. 465, 468-469 (1970). See generally McCormick, Evidence § 32, at 64 (2d ed. 1972). We thus do not have to reach the issue whether the testimony was also admissible under the doctrine of fresh complaint. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). 3. We do not discuss any of the other aspects of the defendant's challenge to the victim's testimony (e.g., that it was sympathy eliciting), as it should be as readily apparent to the defendant as it is to us that the arguments are frivolous. 4. We do not consider the defendant's other assignments of error, as they have not been argued on appeal. See Rule 1 : 13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801. 5. The appeal with respect to indictment No. 76-4027 has been waived.

*Judgments on indictments Nos. 76-4028 and 76-4029 affirmed.*

*Appeals on indictments Nos. 76-4026 and 76-4027 dismissed.*

The case was submitted on briefs.
*John F. Donahue* for the defendant.
*Dianne M. Dillon*, Special Assistant District Attorney, for the Commonwealth.